UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 3:09cr00085(AVC) |
| | : |
| VICTOR NIEVES | : |

### ORDER DENYING MOTION TO REDUCE SENTENCE

On May 4, 2010, this court sentenced the defendant, Victor Nieves, to a mandatory minimum term of 120 months incarceration followed by an 8-year term of supervised release for conspiracy to possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. On November 10, 2014, Nieves filed the within motion seeking to reduce his term of incarceration. For the reasons articulated below, Nieves is not entitled to a reduction of his sentence and the motion [doc. no. 784] is DENIED.

The defendant contends that the court sentenced him "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission." The defendant requests that the court "reduce the defendant's sentence by 2 levels, which is now consistent with the Sentencing Commission Policy Statement."

The government responds that "Nieves is not eligible for the relief he is seeking in this motion." Specifically, the government contends that "[w]here a defendant was sentenced to a

statutory mandatory minimum sentence, he is not eligible for a sentencing reduction under § 3582, as the Sentencing Commission has no authority to alter a statutory mandatory penalty."

The United States Sentencing Commission recently amended the base offense levels listed in the drug quantity tables in U.S.S.G. § 2D1.1.  In general, amendment 782 reduced the offense levels for certain quantities by two levels.  Although "[a] federal court generally 'may not modify a term of imprisonment once it has been imposed,'" Dillon v. United States, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)), "Congress has authorized courts to modify a term of imprisonment . . . in limited circumstances."  United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009).  Specifically, when a defendant is "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

In this case, the drug quantity table used at the time of sentencing yielded a sentencing range of 70 to 87 months.  Because Nieves had previously been convicted of a felony drug offense, he was subject to a ten-year mandatory minimum term of imprisonment.  See 18 U.S.C. § 841(b)(1)(B).  This mandatory minimum sentence exceeded the maximum sentence under the

applicable guideline range, and therefore, the mandatory minimum sentence became the guideline sentence. See U.S.S.G. § 5G1.1(b). Accordingly, the court sentenced the defendant to a mandatory minimum term of 120 months incarceration pursuant to 21 U.S.C. § 841(b)(1)(B).

In applying the mandatory minimum sentence, the court did not sentence Nieves "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009). Instead, the court based the sentence on the statutory mandatory minimum. Consequently, the court concludes that amendment 782 does not apply to Nieves, and therefore, it does not lower Nieves's applicable guideline range. Nieves remains ineligible for a sentence reduction.

This application is consistent with a policy statement issued by the sentencing commission barring a sentence reduction if a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The second circuit has recognized that the commentary following this policy statement provides further support:

> [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: . . . an amendment [to the Guidelines range] . . . is applicable to the defendant but the amendment does not

>have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a *statutory mandatory minimum* term of imprisonment).

United States v. Williams, 551 F.3d 182, 186 (2d Cir. 2009). As noted above, a district court has the authority to reduce a sentence only when doing so is "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(2). Therefore, the court additionally concludes that Nieves is not entitled to a sentence reduction because any reduction would be inconsistent with the policy statement found in U.S.S.G. § 1B1.10(a)(2)(B). The operation of the statutory mandatory minimum 120-month term of imprisonment precludes amendment 782 from having any effect in lowering Nieves's applicable guideline range.

Accordingly, the defendant's motion [doc. no. 784] is DENIED. It is so ordered this 23rd day of December 2014, at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge